IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CORNELIUS MARTIN, JR, <br><br> Petitioner <br><br> VS. <br><br> CLAY TATUM, Warden, <br><br> Respondent | NO.  1:09-CV-17 (WLS) <br><br> **PROCEEDING UNDER 28 U.S.C. §2241** <br> **BEFORE THE U.S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION

Pending in this *pro se* prisoner action filed under 28 U.S.C. § 2241 are several motions:

*Petitioner's Motion to Take Judicial Notice (Tab #15)*

In this motion, petitioner asks that the court take judicial notice of O.C.G.A. § 1-3-3(10) in support of his petition for habeas corpus relief.  This motion is **GRANTED**, and the code section will be considered.

*Respondent's Motion to Expand the Record (Tab #28)*

Respondent has filed a motion to expand the record in light of several filings from petitioner to include an affidavit that will hopefully shed light on a particular point made by petitioner.  For good cause shown, such motion is **GRANTED**.

*Petitioner's Motion for Summary Judgment (Tab #22)*

Petitioner has filed this motion for summary judgment.  However, in light of the recommendation set forth below to grant respondent's motion to dismiss, IT IS THE RECOMMENDATION of the undersigned that petitioner's motion for summary judgment be **DENIED**.

*Respondent's Motion to Dismiss (Tab #11)*

Respondent moves for dismissal of the petition for failure to exhaust and for failure to state a claim.

Petitioner Martin is currently in the custody of the Georgia Department of Corrections as a result of his October 11, 2006, conviction for violating the Racketeer Influenced and Corrupt Organizations Act. He was sentenced to twenty years, to serve five, with the balance probated. He was ordered to pay restitution in the amount of $512,701.71 to his 122 victims. For a portion of that time, until January 18, 2008, petitioner was in the custody of the Federal Bureau of Prisons. It appears from Hall County superior court records that Petitioner did not appeal his conviction.

The Parole Decision Guidelines were applied by the Board of Pardons and Paroles to the circumstances of Petitioner's case in November of 2007. The Guidelines recommended that Petitioner serve seventy-two months, or until May, 2011. Since the confinement portion of Petitioner's sentence expires in May of 2010, the Guidelines recommendation was tantamount to a recommendation that he serve his entire sentence without the benefit of parole until May of 2010. A majority of Parole Board (hereinafter "Board") members agreed with this recommendation and determined that Petitioner would not be released until his maximum discharge date: May 10, 2010. Petitioner was notified of the Board's decision in a letter dated December 7, 2007.

Petitioner Martin filed a petition for Writ of Mandamus in the Superior Court of Fulton County, Georgia asserting that a parole release date that punishes him more severely than the maximum release date violates his sixth amendment right to have all aggravating factors submitted to a jury, and that Petitioner's due process rights were violated because of the Board's reliance on false information. See *Cornelius Martin v. L. Gale Buckner*, Civil Action No. 2008CV160650 (Fulton Co. Sup. Ct. 2008). After a hearing on May 26, 2009, Petitioner's Writ of Mandamus was denied by a Fulton County judge on July 1, 2009. Petitioner's application for discretionary appeal was docketed in the Supreme Court of Georgia on August 12, 2009. The Georgia Supreme Court denied his application for Discretionary Appeal on September 8, 2009.

Petitioner also filed for a Writ of Mandamus in the Superior Court of Lee County, wherein he claims that he has a legal right to Work Incentive Credits (WIC's). See *Cornelius Martin v. Clay Tatum*, Civil Action No. 2009CV169RS (Lee Co. Sup. Ct. 2009). Apparently that action is still pending.

The instant federal petition, executed by Petitioner on January 27, 2009, and amended February 18, 2009, raises allegations against the Board and the Department of Corrections (hereinafter "DOC's") for the following: that Petitioner's Equal Protection rights were violated as a result of the Board's decision to not release Petitioner until his maximum discharge date which is May 10, 2010; that Petitioner is subject to an atypical deprivation of good time credit (hereinafter "GCT") because he was in the custody of the Federal Bureau of Prisons and that a "Sandin-Conners" violation exists because of unlawful statutory editing by an agency; that the statutory language in the Official Code of Georgia annotated (hereinafter "O.C.G.A.") § 42-5-101 which resulted in the drafting of GDC rule GA. COMP. R. REGS. r. 125-3-7-.01 was borrowed from 18 U.S.C. § 3624 (b) and results in the violation of Petitioner's due process rights; that the GDC violated the Georgia Administrative Procedures Act (hereinafter "APA") by creating standard operating procedure in contravention of the enabling statute, that the GDC has accepted any liberty interest that may exist in 18 U.S.C. § 3624 (b); that Petitioner is being deprived of work incentive credits (hereinafter "WIC's") and this deprivation is a sanction authorized by major misconduct; that Petitioner's due process rights have been violated; that Petitioner is entitled to WICs and that depriving Petitioner of WIC results in extending Petitioner's punishment or unfairly increasing Petitioner's sentence; that the Board's decision to deviate from the Parole Decision Guidelines recommendation and instead decide that Petitioner serve his entire sentence without the benefit of parole was based on false information; and that Respondent's actions are so arbitrary and capricious that they constitutes an independent due process violation.

Respondent now moves for dismissal of this action as petitioner has failed to exhaust available state remedies; i.e., none of the state petitions had been finalized when he filed this instant petition for federal relief.

As recognized in *Rose v. Lundy*, 455 U.S. 509, 515 (1982), the exhaustion doctrine existed long before its codification by Congress in 1948 as the Supreme Court in *Ex parte Royall*, 117 U.S. 241, 251 (1886), had recognized that federal courts should not, as a matter of comity, consider a claim in a federal petition until after the state courts had been given the opportunity to consider and correct alleged violations of the state prisoners' federal rights. The exhaustion doctrine protects the state courts' role in enforcing federal law, prevents disruption of state judicial proceedings and encourages state prisoners to seek relief first from the state courts. *Rose v. Lundy*, 455 U.S. at 518-19.

Although this petition is brought pursuant to 28 U.S.C. § 2241, the exhaustion requirement of 28 U.S.C. § 2254(b) is still applicable as it applies to both § 2241 and § 2254 petitions. *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("the [exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

Section 2254 of the AEDPA provides in part as follows:

*(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--*
    *(A) the applicant has exhausted the remedies available in the courts of the State; or*
    *(B)(i) there is an absence of available State corrective process; or*
      *(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.*
  *(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.*

  *(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.*

*(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.*

It is clear that petitioner had not exhausted his state remedies prior to filing the instant federal petition, as both actions for a writ of mandamus were still pending in January of 2009 when this [federal] petition was filed; in fact, the petition for writ of mandamus in Lee County Superior Court is still pending as of this date. Consequently, petitioner Martin has failed to exhaust his administrative remedies prior to the filing of this petition for federal habeas corpus relief.

Additionally, respondent moves for dismissal of this petition for failure to state a claim.

The Georgia Supreme Court has specifically stated that where an inmate seeks to challenge the constitutionality of a decision of the State Board of Pardons and Paroles, "the proper remedy lies in a mandamus action against the Board." *Johnson v. Griffin*, 271 Ga. 663; 522 S.E.2d 657 (1999) (challenging the Board's decision that the petitioner was no longer eligible for parole). See also *Chandler v. Ault*, 234 Ga. 346, 216 S.E.2d 101 (1975)("mandamus will lie to compel the Board of Pardons and Paroles to consider and pass upon the application for parole of a prisoner who is eligible for parole [citing *Matthews v. Everett*, 201 Ga. 730, 41 S.E.2d 148 (1947)]").

Inmates within the Georgia Department of Corrections do not have a liberty interest in parole, transitional centers, or work incentive credits. *See Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir.1982); *Sultenfuss v. Snow*, 35 F.3d 1494, 1502 (11th Cir.1994); *McKune v. Lile*, 536 U.S. 24, 38-39, 122 S.Ct. 2017, 2027, 153 L.Ed.2d 47 (2002); *Wolff v. McDonnell,* 418 U.S. 539, 556-57, 94 S.Ct. 2963, 2974-75, 41 L.Ed.2d 935 (1974). In *Conlogue v. Shinbaum,* 949 F.2d 378, 380 (11th Cir.1991), the Eleventh Circuit held that no due process liberty interest arose from the possibility that a prisoner may receive a discretionary grant of incentive good time. *See also Francis v. Fox,* 838 F.2d 1147, 1149 (11th Cir.1988) ("when the statute is framed in discretionary terms there is not a liberty interest created."). Accordingly, his due process claims are not cognizable under 28 U.S.C. § 2241. To the extent that petitioner argues that the Parole Board violated Georgia law, such does not give rise to constitutional protections.

Accordingly, for the foregoing reasons , IT IS RECOMMENDED that respondent's motion to dismiss the petition be **GRANTED** and that petitioner's petition for writ of *habeas corpus* be **DISMISSED** without prejudice for failure to exhaust and for failure to state a claim.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** of receipt thereof.

SO ORDERED AND RECOMMENDED, this 27th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE