**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **CORNELIUS MARTIN, JR.**, | : | |
| Petitioner, | : | **1:09-CV-17 (WLS)** |
| v. | : | |
| **CLAY TATUM, Warden,** | : | |
| Respondent. | : | |

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. (Doc. #30), filed January 27, 2010.  Among other findings, the magistrate judge found and recommends that Petitioner's petition be denied on Respondent's motion to dismiss for lack of exhaustion of his state remedies. (Doc. #11). It is also recommended that Petitioner's motion for summary judgment (Doc. #22) be denied.  Petitioner has filed a timely written objection.  (Doc. #31).

Upon review, the Court notes the following significant facts which are not in dispute.  Petitioner filed a mandamus action in Fulton County Superior Court which was heard on May 26, 2009 and denied thereafter on July 1, 2009.  The Supreme Court of Georgia denied Petitioner's application for Discretionary Appeal on September 8, 2009.  Petitioner also filed a mandamus action in Lee County Superior Court in 2009 which was still pending at the time the magistrate issued the instant Recommendation on January 27, 2010.  Petitioner's federal petition was filed on January 27, 2009 and amended on February 18, 2009.  Therefore, it is clear that at the time Petitioner filed his federal petition, his Fulton Superior Court mandamus action was pending or unfiled and his Lee County Superior Court mandamus action remained pending even on the date of issuance of the pending Recommendation.

Petitioner cites seven (7) points of alleged error in the magistrate judge's Recommendation. However, Petitioner fails to show that either mandamus action was exhausted fully <u>at the time</u> he filed his federal petition. His argument that the Fulton action was later exhausted on May 26, 2009 is unavailing. That action was not final until the Georgia Supreme Court denied his application for appeal on September 8, 2009. In any event, both dates, May 26, 2009 and September 8, 2009, fall after January 27, 2009 and February 18, 2009. Similarly, whether the pending Lee County action is subject to *res judicata* or not, it remained pending.

As found, and for the reasons stated in the Recommendation, Petitioner must exhaust his state remedies before he may file and proceed with a federal petition in this Court. *See* 28 U.S.C. § 2254(b); <u>Fain v. Duff</u>, 488 F.2d 218, 223 (5th Cir. 1973). Neither of Petitioner's identified actions had been exhausted at the time he filed his federal petition. Petitioner has failed to establish or show the contrary, his written objection notwithstanding. Therefore, Petitioner's objection asserting that the magistrate judge erred in finding that his state remedies were exhausted is **OVERRULED**.

Since Petitioner could not properly file in this Court and proceed due to unexhausted state remedies, his petition should be dismissed without prejudice on that ground alone. It was therefore inappropriate and unnecessary to proceed to consider the merits of Petitioner's petition or of Respondent's defenses, except for that of lack of exhaustion. Accordingly, the Court does not accept the magistrate judge's findings and recommendation on the merits or Respondent's other defenses. The same are **VACATED** without prejudice to either party.[1]

Upon full review and consideration of the record, the Court finds that said Recommendation that Respondent's motion to dismiss on the ground that Petitioner

---

[1] The Court makes no finding with regard to the correctness of those findings or legal conclusions.

failed to exhaust his state remedies prior to filing his federal petition should be, and hereby is, **ACCEPTED** and **ADOPTED** and made the order of this Court for reason of the finding made and reasons state therein together with the findings made, reasons stated and conclusions reached herein and consistent with this order.  Accordingly, Respondent's motion to dismiss (Doc. #11) is **GRANTED-IN-PART** and **DENIED-IN-PART**.  Petitioner's petition is dismissed without prejudice for Petitioner's failure to exhaust his state remedies prior to filing in this Court.  Petitioner's motion for summary judgment (Doc. #22) is also **DENIED** without prejudice.

    **SO ORDERED**, this   31st   day of March, 2010.


                                    */s/W. Louis Sands*
                                    **W. LOUIS SANDS, JUDGE**
                                    **UNITED STATES DISTRICT COURT**